**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INMATE LEGAL ASSOCIATION INC, et al., | : : : : : : : : : : : | Civil Action No. 10-1041 (MLC) |
| Plaintiffs, | | |
| v. | | **O P I N I O N** |
| MICHELLE RICCI, et al., | | |
| Defendants. | | |

**APPEARANCES:**

Plaintiffs <u>pro se</u>
Inmate Legal Association Inc.
Ra'Zulu Ukawabutu, Edward Grimes, Bobby Brown, Sean Washington, John Tell, Joseph Austin, Melvin Mason, Audberto Egipciaco, Phillip Wood, and Harry James
New Jersey State Prison, P.O. Box 861, Trenton, NJ  08625

Dharuba Kalahari
South Woods State Prison, 215 Burlington Road South
Bridgeton, NJ 08302

**COOPER**, District Judge

Plaintiffs, the Inmate Legal Association Inc. and several inmates confined at New Jersey State Prison ("NJSP") and South Woods State Prison, seek to enforce a settlement agreement in <u>Valentine v. Beyer</u>, D.N.J. Civil No. 85-4401.  This action was brought in state court, and then removed.  See <u>Inmate Legal Ass'n Inc. v. Ricci</u>, No. L-2638-09 (N.J.Super. Mercer County).  There are two Motions [11, 17] to remand this matter to state court.

**I.  BACKGROUND**

Certain prisoners brought an action in this Court in 1985 against corrections officials asserting that, <u>inter alia</u>, NJSP's

legal access program did not provide inmates meaningful access to the courts.  See Valentine v. Beyer, D.N.J. Civil No. 85-4401.  Ronald Long, an NJSP inmate housed in the Capital Sentencing Unit ("CSU"), brought a separate action as a pro se plaintiff against some of the same defendants in 1987, alleging that NJSP's legal access program did not provide inmates housed in CSU with meaningful access to the courts.  See Long v. Beyer, Civil No. 87-1301, 1987 WL 16769, at *1 (D.N.J. Aug. 11, 1987).  In June 1988, these actions were consolidated.  The consolidated action was certified as a class action in October 1993.

   The parties reached a settlement agreement in October 1994.  In an order dated October 5, 1994, the Court found that the proposed settlement agreement was a "fair and reasonable settlement" of the class action and dismissed the complaint with prejudice.  In November 1998, the Court denied plaintiffs' motion pursuant to Rule 60(b)(2) to vacate the Court's settlement order.  See Valentine v. Beyer, Civil No. 85-4401, Docket Entry No. 235.

   In October 2006, the plaintiffs moved to "enforce and modify judgments and settlement agreement, and hold defendants in contempt of court for violation thereof."  Valentine v. Beyer, Docket Entry No. 236.  In response to this Court's order to defendants to show cause why the requested relief should not be granted, the defendants responded that this Court did not have subject matter jurisdiction to enforce the settlement agreement.  Valentine v. Beyer, Docket Entry No. 242.

By Opinion and Order entered April 8, 2008, this Court found that it lacked subject matter jurisdiction to enforce the settlement agreement and that the proper forum to enforce it is in New Jersey state court, absent an independent basis for federal jurisdiction. <u>Valentine v. Beyer</u>, Docket Entries Nos. 247, 248. The Court further noted that a breach of the settlement agreement could not serve as the basis of a 42 U.S.C. § 1983 civil rights claim in order to provide an independent basis for federal jurisdiction for an action to enforce the settlement agreement. <u>See</u> <u>Valentine v. Beyer</u>, Docket Entry No. 247 at 7, n.1 (citing <u>Walsifer v. Bor. of Belmar</u>, No. 06-4752, 2008 WL 189855, at *3 (3d Cir. Jan. 23, 2008)).

The plaintiffs then brought an action to enforce the settlement agreement in state court. In the state court action, plaintiffs assert twenty-six pages of detailed allegations on the manner in which the defendants have allegedly violated the settlement agreement. Plaintiffs assert the following claims, all based on the alleged violations of the settlement agreement: (Count I) violations of the right to freedom of speech under First and Fourteenth Amendments to the U.S. Constitution and violations of Article I, Paragraphs 1, 6, 18 and 21 of the New Jersey Constitution; (Count II) retaliation in violation of the First and Fourteenth Amendments to the U.S. Constitution and in violation of Article I, Paragraphs 1, 6, 18, and 21 of the New

Jersey Constitution; (Count III) infringement of the right to counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and in violation of Article I, Paragraphs 1 and 10 of the New Jersey Constitution; (Count IV) breach of contract, specifically, breach of the Valentine v. Beyer settlement agreement; (Count V) illegal seizure of property in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and in violation of Article I, Paragraph 1 of the New Jersey Constitution; (Count VI) violation of the plaintiffs' right of access to the courts under the Fourteenth Amendment to the U.S. Constitution; (Count VII) violation of the right of access to the courts under state law; (Count VIII) violations of public policy under state law; and (Count IX) violation of the right to equal protection under the Fourteenth Amendment to the U.S. Constitution and in violation of state law.

The state court action has been removed here.  The defendants oppose the aforementioned motions to remand.[1]

## II.  ANALYSIS

Plaintiffs urge this Court to remand this action to state court on three grounds:  (1) the removal was untimely, (2) not

---

[1] Defendants contend that the Motion [11] for remand is not timely.  However, a review of the record reveals that the motion was originally sent to the Court for filing on March 18, 2010, and was re-sent on April 1, 2010, after the movant learned that it had not been received.  Accordingly, it is timely under the mailbox rule applicable to pro se prisoner filings.  See Houston v. Lack, 487 U.S. 2676 (1988).

all defendants have joined or assented to the removal, and (3) the defendants should be collaterally estopped from arguing that the state court does not have jurisdiction, which is inconsistent with the position they took before this Court in Valentine v. Beyer. The Plaintiffs also argue that remand is appropriate under the Pullman abstention doctrine. See Railroad Commission of Texas v. Pullman, 312 U.S. 496 (1941).

The "party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007) (citing Samuel-Bassett v. KIA Motors Am., 357 F.3d 392, 396 (3d Cir. 2004)).

The parties agree that all defendants except Daniel Finlay were served on January 28, 2010.[2] On March 1, 2010, the thirtieth day after service, see Fed.R.Civ.P. Rule 6(a), all served defendants except Peter Ronaghan joined in filing a notice of removal of the action from state court. Ronaghan joined in the consent to removal on March 26, 2010. Plaintiffs timely moved for remand on the grounds, among others, that the consent to removal was not timely and unanimous.

Pursuant to 28 U.S.C. § 1446,

> (a)  A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States

---

[2] Whether Finlay has been properly served is unclear.

>for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure ... .
>
>(b)  The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ... .

28 U.S.C. § 1446(a), (b). The "rule of unanimity" requires that all served defendants join in the notice of removal, or otherwise consent to the removal, within the requisite 30-day period. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).

Defendant Ronaghan did not timely consent to the removal. While such a procedural defect may not be jurisdictional, it should be waived, and defendants should be permitted to "cure" the defect, only in light of extraordinary circumstances. See Michael v. State of New Jersey, 955 F.Supp. 315 (D.N.J. 1996). No such extraordinary circumstances exist here. Nor would it be in the interest of justice to permit the defendants to cure this defect. To the contrary, Defendant Ronaghan is represented by the same counsel as all other defendants who removed this action. Counsel has provided no explanation for the failure to include Defendant Ronaghan in the notice of removal, except that counsel "was unaware" that Defendant Ronaghan had been served. No answer has yet been filed, nor has any discovery taken place. This matter is in the same posture as when the notice of removal was filed.

Accordingly, pursuant to 28 U.S.C. §§ 1446(b) and 1447(c), this matter must be remanded to state court because of the lack of timely and uniform consent to the removal by all served defendants.  Cf. Brown v. Sarubbi, No. 06-1634, 2006 WL 2014227 (D.N.J. July 18, 2006).

Because of the disposition of this issue, this Court need not consider the other asserted grounds for remand.

### III.  CONCLUSION

This action will be remanded to state court.  The Court will enter an appropriate order and judgment.

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:  November 29, 2010